UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

HECTOR HERNANDEZ-ESCOLASTICO,
                                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2022

No. 19 CR 803 (NSR) (01)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

On March 20, 2020, Defendant Hector Hernandez-Escolastico ("Defendant") pled guilty to count one of the indictment for possession with intent to distribute a controlled substance. (Minute Entry dated March 20, 2020.) On January 28, 2021, this Court sentenced Defendant to the mandatory minimum 120 months' imprisonment to be followed by five years of supervised release. (ECF No. 28.) Defendant is scheduled to be released on March 25, 2028.

On November 18, 2021, Defendant filed a *pro se* motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c). (ECF No. 29.) On December 17, 2021, CJA counsel was appointed for the limited purpose of handling Defendant's motion for compassionate release and this Court set a briefing schedule for the motion, permitting Defendant to file supplemental moving papers if he so wished. (ECF No. 30.) CJA counsel did not file any supplemental moving papers. On February 14, 2022, the Government opposed the motion. (ECF No. 31.) For the following reasons, Defendant's motion for compassionate release is DENIED.

**LEGAL STANDARD**

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). A court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.11." *United States v. Zukerman*, 16 Cr. 194 (AT)2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020)). "Relevant here, the Commission's policy statement and its corresponding commentary . . . state that a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)–(3).)

The Section 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the

defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

## DISCUSSION

Defendant asks the Court to reduce his sentence to time served and to permit him to begin the period of supervised release. (ECF No. 29 at 15.)

### I. EXHAUSTION

"Section 3582(c)(1)(A) imposes 'a statutory exhaustion requirement' that 'must be strictly enforced.'" *United States v. Perez*, No. 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (quoting *United States v. Monzon*, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020)). Courts may consider compassionate release motions brought by an incarcerated defendant only if he has either (1) fully exhausted the administrative process available at the correctional facility, or (2) waited for thirty days after serving his petition on the warden of the facility. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant exhausted administrative requirements because he applied for compassionate release/reduction in sentence and the Warden at FCI Danbury, Defendant's facility, denied his request. (ECF No. 29 at 17.)

## II.     EXTRAORDINARY AND COMPELLING REASONS

Defendant avers that he "has not been seen for medical care in a timely manner despite persistent reported concerns of chest pains" and is concerned that chest pains "and other reported conditions" are identified as co-morbidities for Covid-19 by the Center for Disease Control and Prevention ("CDC"). (ECF No. 29 at 1.) The Government filed, under seal, Defendant's medical records from FCI Danbury which indicate that Defendant had never complained of chest pains, had multiple visits for medical care (including for dental care, optometry, lower back pain, and skin care), and is fully vaccinated and received a booster shot of the Moderna Covid-19 vaccine on February 2, 2022. (Exhibit A filed under seal; *see also* ECF No. 31 at 5.)

The Court agrees with the Government that the medical records do not support Defendant's claims that the facility has not attended to his medical needs. Furthermore, these medical records reflect that Defendant has been fully vaccinated, which precludes a finding of extraordinary and compelling circumstances here. *See, e.g.*, *United States v. Santana*, 18-CR-865 (VEC), 2021 WL 1819683, at *2 (S.D.N.Y. May 6, 2021) ("recogniz[ing] the irony that results from denying Mr. Santana's request due, at least in part, to his responsible and laudable decision to receive a COVID vaccine" but nonetheless denying release because "the only potentially extraordinary and compelling factor that would justify granting Mr. Santana compassionate release is the risk of serious illness were he to contract COVID-19" and due to "the efficacy of the COVID vaccines, and specifically the Pfizer vaccine, that risk is minimized to a substantial degree as a result of Mr. Santana having been vaccinated"); *United States v. Torres*, 17 Cr. 444 (RMB), 2021 WL 1687502, at *3 (S.D.N.Y. Apr. 28, 2021) ("Courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that he does not face an extraordinary risk from COVID-19." (alterations omitted) (quoting *United States v. Kosic*, 18 Cr. 30(PAC), 2021 WL

1026498, at *3 (S.D.N.Y. Mar. 17, 2021)); *United States v. Pabon*, 17 Cr. 312 (JPC), 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) ("The fact that [the defendant] had received both doses of the COVID-19 vaccine means that the likelihood that [he] will contract COVID-19 and become seriously ill is extremely small. He thus has failed to meet his burden of showing . . . an 'extraordinary and compelling' reason justifying his early release.").

Accordingly, the Court finds that Defendant has failed to establish extraordinary and compelling reasons to warrant reduction in his sentence.

### III.   18 U.S.C. § 3553(a) FACTORS

Even if Defendant could demonstrate extraordinary and compelling reasons, the Section 3553(a) factors would nonetheless warrant denial of Defendant's motion.  Defendant pled guilty to a serious crime—distributing and dealing nearly two kilograms of fentanyl—and, as the Government points out, the circumstances of the crime, which involved Defendants keeping a loaded gun and large quantities of fentanyl near his toddler's crib, reflect the seriousness of his offense.  (*See* ECF 31 at 7.)  Contrary to Defendant's claims that the Court was unaware of Covid-19 at the time of the sentencing in January 2021, the Court was aware of Covid-19 and took this into account.  The Court is sympathetic to Defendant's concerns that there are new variant strands of Covid-19 that has emerged since Defendant was sentenced.  However, the Court finds that given Defendant is fully vaccinated and boosted and when balanced against the other Section 3553(a) factors, the sentence of 120 months' imprisonment imposed remains necessary to reflect the seriousness of Defendant's offense, to promote respect for the law, and to provide just punishment.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Clerk of Court is kindly directed to terminate the motion at ECF No. 29. CJA counsel is directed to mail a copy of this Opinion to Defendant and to file a proof of service on the docket.

Dated: March 7, 2022
       White Plains, New York

SO ORDERED.

_____
NELSON S. ROMÁN
United States District Judge